UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JAMES RUSSELL DAHM,

    Plaintiff,

v.          09-3122

SERGIO MOLINA et al.,

    Defendants.

### Order

    The plaintiff has filed petition for leave to proceed *in forma pauperis* (d/e 1). The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). Additionally, the court must dismiss cases proceeding in forma pauperis "at any time if the court determines that the action fails to state a claim." 28 U.S.C. § 1915(e)(1). Accordingly, the court grants leave to proceed in forma pauperis only if at least one federal claim is stated.

    In a prior case, the plaintiff pursued claims against these same defendants for deliberate indifference to his serious medical needs during his incarceration in the Illinois Department of Corrections. *Dahm v. Feinerman et al.*, 05-3275 (C.D. Ill.). The plaintiff is no longer incarcerated. This court granted summary judgment to the defendants, and the Seventh Circuit Court of Appeals affirmed that ruling in January 2009.

    The plaintiff filed this case against substantially the same defendants as his prior case. He alleges the defendants perjured themselves in the prior case. He also attacks the credibility of evidence submitted by the defendants in that prior case and challenges the inferences drawn from that evidence. He also asserts that the medical records submitted as evidence in the prior case were falsified.

    To the extent the plaintiff challenges the outcome in his prior case, he cannot do so in a new case. The challenge must be made through appealing the prior case, which the plaintiff has already done. Similarly, the plaintiff's attacks on the evidence submitted in the prior case belonged in the prior case. To the extent the plaintiff seeks to again pursue the same claims as in his prior case, his claims are barred by *res judicata* (claim preclusion). *See Licara v. City of Chicago,* 298 F.3d 664, 666-67 (7th Cir. 2002).

    To the extent the plaintiff pursues a civil action against the defendants for submitting

false evidence and testimony in his prior case, no such civil action exists. *Liddell v. Smith,* 345 F.2d 491 (7th Cir. 1965)( "The general rule, which is followed by both the Federal Courts and the courts of the State of Illinois, is that in the absence of statute, no action lies to recover damages caused by perjury or subornation of perjury, whether committed in the course of, or in connection with, a civil action or suit, a criminal prosecution, or other proceeding, and whether the perjurer was a party to or a witness in the action or proceeding."); 60A Am. Jur. 2d Perjury § 104 ("As a general rule, no civil action lies for damages resulting from false statements under oath constituting perjury or from subornation of false testimony.  Thus, no action for damages lies for false testimony in a civil suit whereby the litigant fails to recover a judgment, or a judgment is rendered against him.")(footnotes omitted).  Accordingly, the plaintiff does not have a federal claim that he can pursue based on his allegations.

　　　　IT IS THEREFORE ORDERED that:

　　　　1) The plaintiff's motion to change venue (d/e 2) appears to be akin to a motion requesting recusal because of this court's ruling on the plaintiff's prior case.  The motion is denied because the court's rulings against the plaintiff in prior cases is insufficient to establish bias or prejudice against the plaintiff.  *See Liteky v. United States,* 510 U.S. 540, 555 (1994).  The plaintiff identifies no other reason for recusal, nor does the court see any.

　　　　2) The plaintiff's petition to proceed in forma pauperis is denied (d/e 1) because the plaintiff fails to state a federal claim for relief.  This case is closed.

　　　　3)  If the plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a).  A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal.  *See* Fed. R. App. P. 24(a)(1)(C).

　　　　Entered this 11th Day of <u>August</u>, 2009.

　　　　　　　　　　　　　　　　　　　　　　　　**s\Harold A. Baker**
　　　　　　　　　　　　　　　　　　　　　　　　
　　　　　　　　　　　　　　　　　　　　　　　　　HAROLD A. BAKER
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE